UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHEWETO AHMED BERRY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TIMOTHY M. THRASHER, MIKE OBENLAND, ROBERT SMITH, MARK HUNLEY, KATRINA HENRY, JAN DOE NURSE, DAN MCBRIDE,<br><br>　　　　　　　Defendants. | No. C13-5065 RBL/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION FOR EARLY PRODUCTION AND WAIVER OF COSTS |

Before the Court is Plaintiff's "Motion for Permission to File Early Production of Documents (Rule 34) and to Waive Cost of Said Documents." ECF No. 20. Having carefully considered Plaintiff's request and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

Plaintiff asks the Court to order the early production of documents pursuant to Fed.R.Civ.P. 34. Plaintiff does not identify the documents he wishes to have produced, but states that he needs them to prepare his case and prove his allegations in case Defendants file a motion for summary judgment. ECF No. 20, p. 1. Plaintiff also asks that the costs of production be borne by Defendants because Plaintiff is proceeding *in forma pauperis* herein. *Id.*

ORDER - 1

A court order is not required to conduct discovery and discovery requests are not filed with the Court.  Plaintiff is directed to the Court's Pretrial Scheduling Order dated March 11, 2013 which generally governs the conduct of discovery in this case.  Plaintiff must first serve his discovery requests on the parties pursuant to the rules of discovery.  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed.R.Civ.P. 26(b)(1).

In the event the discovery requests are not complied with, Plaintiff must confer with opposing counsel in a good faith attempt to resolve the discovery dispute.  Finally, if the attempt to confer is unsuccessful, Plaintiff may file a motion to compel, which shall include a certification that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Fed.R.Civ.P. 37(a)(3)(B).  Only after all these steps have been complied with may Plaintiff file a discovery motion with the Court.

Plaintiff also asks that the cost of discovery be borne by the Defendants.  However, Plaintiff must bear the costs of litigating his case.  The *in forma pauperis* statute does not authorize the expenditure of public funds for the purposes sought by Plaintiff.  *See Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989)(citations omitted).  Plaintiff should contact appropriate authorities where he is incarcerated regarding the ability to incur debt for photocopies of legal pleadings if he lacks sufficient funds to pay the required fee at the time of the request.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion (ECF No. 20) is **DENIED.**

//

//

ORDER - 2

(2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.


**DATED** this 22nd day of April, 2013.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3